UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


QUANTEL SAUNDERS,

       Plaintiff,

v.                                    Civil Action No. 2:22-00173

CORRECTIONAL OFFICER JOHN KUMMER
and LT. JIMMIE BAISDEN,

       Defendants.


<u>MEMORANDUM OPINION AND ORDER</u>

       Pending is a motion to dismiss (ECF No. 6), filed July 11, 2022 by defendant Correctional Officers Kummer and Baisden.


I.   <u>Background</u>


A.   The first civil action


       On December 13, 2018, the plaintiff, Quantel Saunders ("Saunders"), filed a <u>pro</u> <u>se</u> complaint with the Clerk of this court alleging violations under 42 U.S.C. § 1983, thereby initiating Civil Action No. 2:18-1514.[1] At the time of filing, Saunders was an inmate at the Mount Olive Correctional Complex. <u>See</u> Pl.'s Complaint Envelope, ECF No. 2-1.  As defendants in

---

[1] ECF citations in this subsection refer to the docket in <u>Saunders v. Kummer et al.</u>, No. 2:18-cv-1514 (S.D. W. Va.).

that matter, Saunders named Correctional Officers John Kummer ("Kummer"), David Ewing ("Ewing"), and Lt. Jimmie Baisden ("Baisden"), as well as Dr. Charles Lye ("Lye").  Compl., ECF No. 2.

In his complaint, Saunders alleged that Kummer, accompanied by Ewing, sprayed him with "phantom (clear out)," a type of pepper spray, on February 27, 2017 "for no reason at all."  Compl. at ¶ IV.  Saunders claimed that contrary to the directions of medical staff, Kummer and Baisden did not allow him to shower and wash off the pepper spray for three days after placing him back in the pod where the alleged assault occurred. Id.  He claimed to have developed skin problems arising from the pepper spray and that defendant Lye refused to treat the problems.  Id.  In a subsequent filing, Saunders clarified that his claims against defendants were for alleged cruel and unusual punishment under the Eighth and Fourteenth Amendments to the United States Constitution.  ECF No. 21 at 1.

On January 15, 2020, the court dismissed Lye and Ewing from the civil action.  ECF No. 32 at 3.  Saunders subsequently obtained legal representation, and counsel entered an appearance on his behalf on March 26, 2020.  ECF No. 33.

On December 8, 2020, the remaining defendants, Kummer and Baisden, moved for summary judgment.  Defs.' Mot. Summ. J.,

2

ECF No. 51.  Kummer and Baisden argued that dismissal was required under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e), because Saunders failed to exhaust his administrative remedies prior to filing suit.  Mem. Supp. Defs.' Mot. Summ. J., ECF No. 52 at 6.  Plaintiff contended that exhaustion was not required because administrative remedies were not available to him.  Pl.'s Resp., ECF No. 55 at 3.  Noting that Saunders bore the burden of establishing the unavailability of an administrative remedy and the absence of record evidence to that end, on April 26, 2021, the court granted summary judgment in favor of Kummer and Baisden.  Mem. Op., ECF No. 67 at 13, 16-17 (hereinafter "2021 Summary Judgment Order").  The court entered a judgment order the same date, dismissing civil action 2:18-cv-1514 without prejudice.  J. Order, ECF No. 68.

    B.    The present civil action

        On January 25, 2022, Saunders was released from state custody.  ECF No. 18 at ¶ 2.[2]  On April 8, 2022, Saunders filed by counsel a complaint initiating this action against Kummer and Baisden.  Compl., ECF No. 1.  This complaint relates to the same incident as the prior civil action, although Saunders'

---

[2] All ECF citations hereinafter refer to the docket in the present civil action, namely, Saunders v. Kummer et al., 2:22-cv-173 (S.D. W. Va.).

allegations include additional detail.  The court briefly recites the facts as alleged in this civil action.

On February 27, 2017, Saunders was in his cell at Mount Olive when a series of two verbal arguments broke out between Saunders and defendant Kummer with respect to Saunders' legal mail.  Compl. at ¶ 3.  Between these arguments, Kummer stepped away before returning to Saunders' cell and spraying him with OC, a type of pepper spray.  Id. at ¶ 5.  Plaintiff alleges that at the time he was sprayed, he posed no threat and that Kummer stated an intent to make an example out of plaintiff. Id.  Saunders was taken to the prison medical station, where he received partial decontamination from the pepper spray.  Id. at ¶ 6.  Plaintiff requested a shower to relieve an asserted chemical burning sensation, which the defendants refused him. Id.  Saunders went more than one day without a shower, and he asserts that he suffered shortness of breath, burning of the skin, and severe emotional distress due to the defendants' use of OC spray and denial of complete and timely decontamination. Id. at ¶ 7.

At the time of filing the complaint in the present
civil action, Saunders was not in custody.[3]  Id. at ¶¶ 1, 8; ECF
No. 18 at ¶¶ 2, 6.  The defendants agree that the plaintiff was
not incarcerated at the time the complaint was filed.  See ECF
No. 19 at ¶¶ 2-3.

## II.  Legal standard

Federal Rule of Civil Procedure 8(a)(2) requires that
a pleader provide "a short and plain statement of the claim
showing . . . entitle[ment] to relief."  Fed. R. Civ. P.
8(a)(2); Erickson v. Pardus, 551 U.S. 89, 93 (2007).  Rule
12(b)(6) correspondingly permits a defendant to challenge a
complaint when it "fail[s] to state a claim upon which relief
can be granted . . . ."  Fed. R. Civ. P. 12(b)(6).

The required "short and plain statement" must provide
"'fair notice of what the . . . claim is and the grounds upon
which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544,
555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957),
overruled on other grounds, Twombly, 550 U.S. at 563); see also
Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007).
In order to survive a motion to dismiss, "a complaint must

---

[3] The plaintiff was subsequently reincarcerated and is currently
in state custody at Huttonsville Correctional Center.  ECF No.
18 at ¶ 5; ECF No. 19 at ¶ 5.

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570); see also Monroe v. City of Charlottesville, 579 F.3d 380, 386 (4th Cir. 2009).

Application of the Rule 12(b)(6) standard requires that the court "'accept as true all of the factual allegations contained in the complaint . . . .'" Erickson, 551 U.S. at 94 (quoting Twombly, 127 S. Ct. at 1965); see also South Carolina Dept. of Health & Env't Control v. Commerce and Indus. Ins. Co., 372 F.3d 245, 255 (4th Cir. 2004) (quoting Franks v. Ross, 313 F.3d 184, 192 (4th Cir. 2002)). The court must also "draw[] all reasonable factual inferences . . . in the plaintiff's favor[.]" Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999).

### III. Discussion

Defendants advance three arguments in support of their motion to dismiss. They contend that (1) plaintiff failed to exhaust his administrative remedies pursuant to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e); (2) collateral estoppel bars plaintiff from relitigating the issue of exhaustion; and (3) the West Virginia Savings Statute does not relieve plaintiff of his obligation to exhaust

administrative remedies, entitling defendants to dismissal as a matter of law.  Defs.' Mem. Supp. Mot., ECF No. 7 at 4-5.

In response, plaintiff argues that (1) he was not required to exhaust his administrative remedies under the PLRA because he was not incarcerated at the time the complaint was filed in this civil action, and (2) his complaint was timely filed according to the West Virginia Savings Statute.  Pl.'s Resp., ECF No. 8 at 3-4.

The arguments advanced by the parties largely turn on a single question: must a former state inmate bringing a Section 1983 claim against prison officials for conduct occurring during his incarceration exhaust administrative remedies pursuant to the PLRA, where his claims for the same conduct, brought in a prior civil action during that same incarceration, were dismissed without prejudice for failure to exhaust administrative remedies; since refiling the civil action based on the same conduct, that same inmate is once again in the custody of the same state.

The PLRA provides that "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  "[F]ailure to exhaust is an affirmative

defense under the PLRA." <u>Jones v. Bock</u>, 549 U.S. 199, 216 (2007).  "[T]he burden of proof for the exhaustion of administrative remedies in a suit governed by the PLRA lies with the defendant." <u>Roberts v. Barreras</u>, 484 F.3d 1236, 1241 (10th Cir. 2007).

"[L]itigants . . . who file prison conditions actions after release from confinement are no longer 'prisoners' for purposes of § 1997e(a) and, therefore, need not satisfy the exhaustion requirements of this provision." <u>Greig v. Goord</u>, 169 F.3d 165, 167 (2d Cir. 1999) (per curiam); <u>see also</u> <u>Cofield v. Bowswer</u>, 247 F. App'x 413, 414 (4th Cir. 2007) (per curiam) (unpublished) (where a plaintiff was "not a prisoner when he filed his complaint, the PLRA exhaustion requirement is not applicable to his § 1983 action."); <u>Cantley v. W. Va. Reg'l Jail and Corr. Facility Auth.</u>, 728 F. Supp. 2d 803 (S.D. W. Va. 2010); <u>Smith v. Franklin Cnty.</u>, 227 F. Supp. 2d 667, 676 (E.D. Ky. 2002) (requiring former inmate to exhaust administrative remedies a "nonsensical" interpretation of PLRA).

To the extent of any inconsistency in the defendants' concessions on the matter,[4] the court notes that there can be little doubt that, with respect to the present civil action,

[4] <u>Compare</u> Defs.' Mem. Supp. at 4, 5; <u>with</u> Defs.' Mem. Supp. at 6; Defs.' Reply at 2.

Saunders is not subject to the exhaustion requirement of the
PLRA when he was not incarcerated at the time he filed his
complaint.[5]  While it is true that in Saunders' prior civil
action, brought while he was still in prison, the court
considered the exhaustion issue at length and determined that
Saunders had failed to exhaust his administrative remedies under
the PLRA, it then dismissed the claims against Kummer and
Baisden without prejudice.  See 2021 Summary Judgment Order at
17-18.

As interpreted by the Supreme Court, Federal Rule of
Civil Procedure 41(b) provides that "dismissals which are based
on a plaintiff's failure to comply with a precondition requisite

---

[5] There is disagreement in the courts of appeal as to whether the
applicability of the PLRA's requirements should be considered at
the time the operative complaint is filed or the time a civil
action is initiated.  See Wexford Health v. Garrett, 140 S. Ct.
1611, 1611-12 (2020) (Thomas, J., dissenting from denial of
certiorari) (identifying circuit split).  Compare Garrett v.
Wexford Health, 938 F.3d 69, 87 (3d Cir. 2019) (complaint);
Jackson v. Fong, 870 F.3d 928, 937 (9th Cir. 2017) (complaint);
with Bargher v. White, 928 F.3d 439, 447-48 (5th Cir. 2019)
(civil action); Harris v. Garner, 216 F.3d 970, 981-82 (11th
Cir. 2000) (en banc) (civil action).  These cases concern the
ability of a litigant to satisfy or avoid PLRA requirements
during the course of a single civil action by amending his
complaint.  By unpublished opinion, the Fourth Circuit has
opined that "it is the plaintiff's status at the time he filed
the lawsuit that is determinative as to whether the § 1997e(a)
exhaustion requirement applies."  Cofield, 247 F. App'x at 414.
     Inasmuch as the plaintiff's initial complaint is his
operative complaint in this civil action, the court has no
reason to address the issue, but notes it in order to situate
its analysis of certain cases cited by the defendants.

to the Court's going forward to determine the merits of his substantive claim" are to be dismissed without prejudice. Costello v. United States, 365 U.S. 265, 285 (1961) (broadly construing the "for lack of jurisdiction" exception in Fed. R. Civ. P. 41(b)). "The primary meaning of 'dismissal without prejudice' . . . is dismissal without barring the plaintiff from returning later, to the same court, with the same underlying claim" within the applicable limitations period. Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 505-06 (2001). In the PLRA context, the Fifth Circuit has explained, "[f]ailure to exhaust . . . warrants dismissal without prejudice, which permits the litigant to refile if he exhausts or is otherwise no longer barred by the PLRA requirements." Bargher v. White, 928 F.3d 439, 447 (5th Cir. 2019).

Notwithstanding the court's dismissal of the prior civil action without prejudice, defendants contend that an inmate should not be permitted to, "once released from incarceration, revive an action previously barred by the inmate's failure to exhaust administrative remedies." Defs.' Mem. Supp. at 6.

Defendants support their position by citation to case law that is almost entirely inapposite to the posture of Saunders' case. Defendants cite statements from Neal v. Goord,

267 F.3d 116, 122 (2d Cir. 2001); Jackson v. Dist. of Columbia, 254 F.3d 262, 269 (D.C. Cir. 2001); and Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999), as standing for the proposition that a plaintiff cannot satisfy the PLRA exhaustion requirement during the pendency of a suit but must instead satisfy the exhaustion requirement prior to filing suit.  This may be true enough, but it is of little moment to the present scenario where Saunders' previous case was dismissed without prejudice and he was subsequently released from incarceration and remained so at the time of commencing this civil action.

Defendants also cite to Ahmed v. Dragovich, 297 F.3d 201 (3d Cir. 2002), for the proposition that subsequent release from incarceration does not relieve a plaintiff from the PLRA's exhaustion requirements.  Defs.' Reply at 2.  In addition to being substantially limited by the Third Circuit in Garrett v. Wexford Health, 938 F.3d 69, 85-87 (3d Cir. 2019), Ahmed is of limited utility on the present facts.  In Ahmed, the Third Circuit considered, entirely in dicta, whether a former inmate could amend his complaint in the same civil action after it had been dismissed without prejudice for failure to exhaust administrative remedies and judgment had been entered against

him.[6]  Treating Ahmed's post-judgment Rule 15(a) motion to amend

his complaint as a timely motion brought under Rule 60(b), the

Third Circuit found that the district court did not err in

denying Ahmed's motion to amend the complaint to show that he

had exhausted administrative remedies during the pendency of the

suit.  Ahmed, 297 F.3d at 208-10.  This, of course, is

substantially the same principle advanced by the other cases and

of little relevance here in that Saunders' case concerns neither

the satisfaction of the PLRA exhaustion requirement nor events

within a single civil action.

     To the extent that the Third Circuit's opinion in

Ahmed is persuasive, however, it cuts against the position of

the defendants.  Briefly considering that, after the district

court's denial of motion to amend, Ahmed was released from

prison, the Third Circuit noted, again in dicta, that

"[a]lthough Ahmed would have been free of the strictures of the

PLRA if he had filed a timely complaint after his release from

---

[6] The Third Circuit determined it was "evident that judgment was
entered against Ahmed" by the district court's order dismissing
the matter without prejudice.  Ahmed, 297 F.3d at 208.
Notwithstanding the district court's grant of without-prejudice
dismissal and the absence of a separate final judgment order,
the Third Circuit found judgment was entered against Ahmed
because the district court's order also granted a supplemental
summary judgment motion by defendants, was docketed as an order
granting summary judgment, and the case was closed the same day.
Id.

prison, he is bound by the PLRA because his suit was filed . . . before he was released from prison." Id. at 210.  In any event, the court's attribution of persuasive authority to Ahmed is tempered by the Third Circuit's subsequent limitation of its application to the facts of a post-judgment attempt at amending a complaint.  See Garrett, 938 F.3d at 86.

Here, the court's 2021 summary judgment order dismissed Saunders' prior civil action without prejudice on the basis of his failure to exhaust administrative remedies.  That this dismissal was without prejudice entitled Saunders to cure the deficiencies in his complaint and bring a new civil action. His release from custody cured the exhaustion deficiency in his complaint inasmuch as it freed him from the PLRA administrative exhaustion requirement.  See Bargher, 928 F.3d at 447.  Despite vigorous debate on the ability of a former inmate to avoid the PLRA exhaustion requirement within the same suit by amending his complaint, the court can find no authority to support defendants' argument that would, in effect, treat a dismissal without prejudice for failure to exhaust administrative remedies under the PLRA as having been a dismissal with prejudice precluding a former inmate from later timely filing suit when he is no longer subject to the PLRA exhaustion requirement.

Because the PLRA's exhaustion requirement is to be applied without extra-statutory policy considerations, see <u>Ross v. Blake</u>, 578 U.S. 632, 648 (2016), the court is without power to, in effect, convert its prior dismissal without prejudice in the 2021 summary judgment order to a dismissal with prejudice by imposing the PLRA's administrative exhaustion requirement upon a former inmate in a timely-initiated, post-release civil action.

Defendants next contend that the doctrine of collateral estoppel applies to prevent Saunders from arguing that he has exhausted his administrative remedies.  Saunders makes no argument to the contrary.  Indeed, there is no need for Saunders to make an argument on the issue of exhaustion when he is not required to exhaust under the statute.  The court having found the administrative exhaustion requirement inapplicable in this circumstance, the defendants' contention that Saunders is collaterally estopped from arguing the issue of exhaustion necessarily fails as moot.

Finally, having considered the PLRA exhaustion question, the only remaining question for the court is whether Saunders' claims were timely brought under the West Virginia Savings Statute.  Cases brought under 42 U.S.C. § 1983 are subject to the statute of limitations for personal injuries of the state in which the alleged violations occurred.  <u>DePaola v.</u>

Clarke, 884 F.3d 481, 486 (4th Cir. 2018).  For claims arising
in West Virginia, West Virginia's two-year statute of
limitations for personal injury actions applies.  Smith v.
Travelpiece, 31 F.4th 878, 883 (4th Cir. 2022) (citing W. Va.
Code § 55-2-12(b)).  However, West Virginia's Savings Statute
provides that

> For a period of one year from the date of an order
> dismissing an action . . ., a party may refile the
> action if the initial pleading was timely filed and .
> . . [t]he action was involuntarily dismissed for any
> reason not based upon the merits of the action[.]

W. Va. Code § 55-2-18(a).

West Virginia's Savings Statute is a "highly remedial
statute that should be liberally construed to allow a party who
has filed a timely action to have their case decided on the
merits." Horne v. Lightning Energy Servs., 123 F. Supp. 3d 830,
838 (N.D. W. Va. 2015) (quoting Cava v. Nat'l Union Fire Ins.
Co., 753 S.E.2d 1, 8-9 (W. Va. 2013).  In light of the statutory
text and the remedial purpose thereof, Saunders' complaint in
this civil action, filed April 8, 2022, or 347 days after the
first civil action was dismissed without prejudice on April 26,
2021, plainly falls within the scope of the Savings Statute.

Nevertheless, in an argument raised for the first time
in their reply brief, defendants point to the West Virginia
Supreme Court of Appeals' holding that the Savings Statute will

15

not apply where dismissal in the first action was procured by
conduct equivalent to a voluntary act of the plaintiff.  See
McClung v. Tieche, 29 S.E.2d 250, 252 (1944).  Defendants
contend that "Plaintiff's failure to exhaust his administrative
remedies is a voluntary act on the part of the Plaintiff and is
conduct equivalent to a voluntary dismissal of Plaintiff's
claim."  Defs.' Reply at 4.

This argument fundamentally ignores the purpose and
statutory text of the Savings Statute by a reading of the
voluntary act exception that would appear to render any pre-
litigation volitional act or omission enough to defeat
application of the Savings Statute.  The court is not persuaded.
The voluntary act exception relates strictly to a plaintiff's
voluntary acts or equivalent conduct during the course of prior
litigation that effected the dismissal of an action at law.
Saunders' failure to exhaust administrative remedies necessarily
occurred prior to the commencement of the first civil action so
could not possibly constitute conduct equivalent to a voluntary
dismissal.

During the course of the first civil action, Saunders
appears to have fully prosecuted his case up until the time it
was dismissed by the court over his opposition.  Defendants have
suggested no reason to conclude that Saunders' prosecution of

16

his case during the first civil action amounts to a constructive voluntary dismissal precluding application of the Savings Statute.  The court therefore concludes that Saunders timely initiated this civil action under the West Virginia Savings Statute.

## IV.  <u>Conclusion</u>

For the foregoing reasons, it is ORDERED that the defendants' motion to dismiss (ECF No. 11) be, and hereby is, denied.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: February 15, 2023

John T. Copenhaver, Jr.
Senior United States District Judge